**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY; QUICK SAND, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST LIBERTY INSURANCE CORPORATION; LIBERTY INSURANCE CORPORATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [17] MOTION TO STRIKE AND GRANTING [35] MOTION TO SEAL AND ORDER SEALING AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00973-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Cecilia M. Romero |

## I. BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 4). This case arises from an insurance dispute regarding payment obligations relating to a personal injury case (ECF 2, 16). On December 5, 2025, Plaintiffs Berkley National Company and Quick Sand, Inc. (Plaintiffs) filed their Amended Complaint (Am. Compl., ECF 16) in this matter, and Defendants have since filed their Answer (ECF 20).

Before the court is Defendants First Liberty Insurance Corporation and Liberty Insurance Corporation's (Defendants) Motion to Strike (ECF 17) regarding the Amended Complaint on the grounds that it contains privileged and confidential settlement communications. Defendants contemporaneously filed a motion to seal (ECF 18) regarding the Motion to Strike on the basis that it discusses these confidential communications. On December 23, 2025, the court entered an Order (ECF 21) sealing the Motion to Strike. Plaintiffs thereafter filed a Response (ECF 29), and Defendants filed a Reply (ECF 34) also referencing these communications.

Also before the court is Defendants' Motion to Seal (ECF 35) regarding the Response and Reply (ECF 29, 34) to the Motion to Strike on the same grounds as Defendants' prior motion to seal. Plaintiffs opposed this request (ECF 36) as procedurally improper, and Defendants have replied (ECF 37). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion to Seal and DENIES the Motion to Strike.

## II. DISCUSSION

### A. Motion to Seal

DUCivR 5-3 sets forth the procedure for filing a document under seal. "Unless the court orders otherwise, a party must first publicly file a redacted version of the Document." DUCivR 5-3(b)(1). A motion to seal "must be filed contemporaneously with the proposed sealed Document." *Id.* "The motion, which may be filed under seal if necessary, and proposed sealed Document must be electronically filed." *Id.* "The requirements of section 5-3(b) may be modified by the court upon a showing of good cause." DUCivR 5-3(b)(7). "Unless the court orders otherwise, the clerk will not provide access to or make copies of sealed documents." DUCivR 5-3(c).

Defendants ask the court to seal the Response and Reply (ECF 29, 34) on the grounds that they both reference settlement communications that the court has previously ordered to be sealed (ECF 35, 21). Plaintiffs respond that the Motion to Seal is procedurally deficient because it was filed weeks after the Response and Reply were filed and that DUCivR 5-3 does not contemplate the sealing of documents filed by other parties (ECF 36). The court agrees that the Motion to Seal is untimely as to the Reply given that it was not filed contemporaneously as required by DUCivR 5-3(b)(1). However, DUCivR 5-3 does not include any timing requirements for requesting the

sealing of documents filed by other parties. While the court acknowledges that DUCivR 5-3 does not address the situation at hand, the court ultimately retains discretion to modify the requirements of the rule. *See* DUCivR 5-3(b)(7).

Moreover, DUCivR 5-3(b)(4) states, "Subsequent documents containing information that has already been the subject of an order allowing a sealed filing must state on the caption page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER (DOCKET NO. ___)." Although neither party complied with this requirement, this suggests that it is appropriate for the court to consider whether to seal subsequent documents that contain information that has been previously sealed by the court as is the case here with the briefing on the Motion to Strike. The court will therefore proceed with considering whether Defendants have met the good cause standard for sealing the Response and Reply.

"The court may make an independent determination as to whether the Document will be sealed, regardless of the parties' agreement or a party's decision not to oppose a Motion for Leave to File Under Seal." DUCivR 5-3(b)(3). The court may make this determination "on motion of a party and a showing of good cause." *See* DUCivR 5-3(a)(1). Courts will not grant a motion to seal "unless the moving party overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)).

Here, Defendants argue there is good cause for the Response and Reply to be sealed "as the parties discuss the privileged status of the information contained in the Amended Complaint" (ECF 35 at 2). The court agrees with Defendants and finds that the articulated privacy interest

outweighs the presumption of public access. As previously noted, the court has already entered an Order (ECF 21) sealing the Motion to Strike to protect the settlement communications referenced in the Amended Complaint, and this information also appears in the remaining briefing on the Motion to Strike. Because the court thus finds good cause and substantial interest to overcome the presumption of public access, the court hereby GRANTS the Motion to Seal (ECF 35) and ORDERS that the Response and the Reply (ECF 29, 34) shall be permanently sealed.

**B. Motion to Strike**

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have discretion under Rule 12(f) to "strike evidence that would be inadmissible," such as privileged information. *See Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 2:19-CV-964 TS, 2020 WL 1955223, at *1 (D. Utah Apr. 23, 2020), *aff'd,* No. 21-4035, 2022 WL 2452379 (10th Cir. July 6, 2022). However, "[m]otions to strike under Rule 12(f) are disfavored by the federal courts and are infrequently granted." *Id.*

Defendants ask the court to strike certain portions of the Amended Complaint and attached exhibits on the basis that these documents disclose privileged and/or confidential communications: (1) about participation in mediation, (2) about mediation plans, (3) during mediation, and (4) related to continued settlement efforts with the mediator (ECF 19 at 4–5). Specifically, Defendants argue that these communications are privileged under the Utah Uniform Mediation Act because they were "made for the purposes of considering, conducting, participating in, initiating, [or] continuing" mediation (*id.* at 7 (quoting *Ludvik Elec. Co. v. Vanderlande Indus., Inc.*, No. 221CV00462DBBCMR, 2023 WL 8789379, at *6 (D. Utah Dec. 19, 2023)). Plaintiffs oppose this request on the grounds that motions to strike are disfavored "when asserted in a bad

faith context," the mediation privilege does not apply to communications that merely reference mediation, and the settlement communications at issue are "central to Plaintiffs' claims for breach of fiduciary duty and good faith" (ECF 29 at 5). In Reply, Defendants emphasize the confidential nature of these communications, arguing "mere relevance does not outweigh the need for confidentiality" (ECF 34 at 7).[1]

"Motions to strike privileged information are only granted when the face of the complaint contains sufficient facts to make a privilege determination." *R.M. v. Scottsdale Ins. Co.*, No. 2:20-CV-00064-DB, 2020 WL 2801514, at *2 (D. Utah May 29, 2020). In *R.M.*, the court declined "to exercise its discretion to strike the allegations relating to mediation communications from the complaint." *Id.* The court concluded that "[d]etermining whether the communications in question are privileged . . . would require more information than appears on the face of the pleadings." *Id.* The court reasoned as follows:

> [I]f these discussion and communications are not privileged, they are central, not 'immaterial,' to [the plaintiffs'] case. Excluding any allegations that touch on mediation communications would be tantamount to dismissing the case altogether. The determination of whether the mediation communications in question are privileged will ultimately be made during the course of this litigation. At the pleading stage, however, the court declines to strike these communications from the complaint.

*Id.* The court ordered the plaintiffs to file a corrected pleading that complied with the Federal Rules of Civil Procedure. *See id.*

The court finds the reasoning in the *R.M.* instructive for the case at hand. Although Defendants have argued various grounds for finding that the settlement communications at issue in this case are privileged, the court finds that there is insufficient information than what appears

[1] The parties included arguments related to the Motion to Strike in the briefing on the Motion to Seal (ECF 36, 37). The local rules of civil practice prohibit additional memoranda without prior permission. *See* DUCivR 7-1(a)(9) ("Unless ordered otherwise, the court will not consider additional memoranda."). Given that neither party requested leave to file a sur-reply, the court does not consider the unauthorized briefing on the Motion to Strike.

on the face of the pleadings for the court to make a privilege determination or rule on admissibility. Plaintiffs contend that these communications are central to their claims for breach of fiduciary duty and good faith, which is supported by the allegations in the Amended Complaint. To conclude otherwise would require the court to make evidentiary determinations that are inappropriate at the pleading stage as they could be dispositive of Plaintiffs' claims. The court therefore declines to exercise its discretion to strike portions of the Amended Complaint and exhibits and hereby DENIES Defendants' Motion to Strike (ECF 17). Nothwithstanding, considering the confidential nature of the information contained in these documents and consistent with the above ruling on the Motion to Seal, the court finds good cause to seal the Amended Complaint and Exhibits 29–30, 32–35, 39–40, 42–45, 47, and 49 thereto.

## III. CONCLUSION AND ORDER

For these reasons, IT IS HEREBY ORDERED as follows:

1. Defendants' Motion to Strike (ECF 17) is DENIED.
2. The court directs the Clerk's Office to seal the Amended Complaint (ECF 16) and Exhibits 29–30, 32–35, 39–40, 42–45, 47, and 49 thereto (ECF 16-29, -30, -32, -33, -34, -35, -39, -40, -42, -43, -44, -45, -47, and -49).
3. The court directs Plaintiffs to file a redacted version of the Amended Complaint consistent with this ruling within 7 days.
4. To the extent either party intends to request sealing of the Complaint (ECF 2) on similar grounds, a motion to seal shall be filed within 7 days identifying which portions of the Complaint and/or exhibits are confidential.

IT IS FURTHER ORDERED as follows:

1. Defendants' Motion to Seal (ECF 35) is GRANTED.

2. The court directs the Clerk's Office to seal Plaintiffs' Response (ECF 29) and Defendants' Reply (ECF 34) to Defendants' Motion to Strike (ECF 17).

3. The court directs each party to file redacted versions of their respective Response and Reply within 7 days.

IT IS SO ORDERED.

DATED this 29 September 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah